IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| PSC CUSTOM, LP, | ) | |
| d/b/a POLAR TANK TRAILER, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. 12-3130-CV-S-MJW |
|  | ) | |
| UNITED STEEL, PAPER AND FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS INTERNATIONAL UNION, | ) | |
| LOCAL NO. 11-770, | ) | |
|  | ) | |
| Defendant and | ) | |
| Counter-Claimant, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| PSC CUSTOM, LP, | ) | |
| d/b/a POLAR TANK TRAILER, | ) | |
|  | ) | |
| Counter-Defendant. | ) | |

**ORDER**

Before the Court are cross-motions for summary judgment filed by plaintiff PSC Custom, LP, d/b/a/ Polar Tank Trailer, (the Company) and defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union No. 11-770 (the Union). On August 10, 2012, defendant Union filed a motion for summary judgment with suggestions in support (docs. 15, 16). On August 31, plaintiff Company filed suggestions in opposition (doc. 20), and on September 17, the Union filed reply suggestions in support (doc. 21). Similarly, on August 10, 2012, plaintiff Company filed a motion for summary judgment with suggestions in support (docs. 17, 18). On August 31, defendant Union filed suggestions in opposition (doc. 19), and on September 17, the Company filed reply suggestions in support (doc. 23).

Both parties seek summary judgment as a matter of law. The Court finds there are no genuine disputed issues of material fact.[1]

The Company contends the Arbitrator's Award does not draw its essence from the lawful provisions of the collective bargaining agreement (Contract), and represents the Arbitrator exceeded his powers. The Company further contends the Arbitrator disregarded, ignored, and refused to follow the clear terms and provisions of the Company's established discipline policies outlined in the Contract and the Standards of Conduct. Finally, the Company contends the Arbitrator instilled his own personal standards of industrial justice.

The Union disagrees and contends the Arbitrator's award does draw its essence from the terms of the contract between the Union and the Company. The Union contends the Company's grounds for seeking to vacate the Arbitrator's award boils down to simple disagreement with the Arbitrator's decision and that the Court should enter an order requiring the Company to comply by ordering it to reinstate the Grievant, and make her whole. The Union further requests an order requiring the Company to pay its costs and attorney fees incurred as a result of this litigation.

## Standard of Review

Summary judgment is appropriate if the movant demonstrates there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-90 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleading, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Rule 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

judgment.  Id.  Rather, "the disputes must be outcome determinative under the prevailing law."  Id.

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts."  Matsushita, 475 U.S. at 586.  Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure.  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Celotex, 477 U.S. at 327.

It is well established in the Eighth Circuit that "an extraordinary level of deference" is given to the decision of the Arbitrator.  Electrolux Home Prods. v. United Auto. Aerospace and Agr. Implement Workers, 416 F.3d 848, 853 (8th Cir. 2005).  An Arbitrator's award must be upheld so long as it "'draws its essence from the collective bargaining agreement,' and is not merely '[the arbitrator's] own brand of industrial justice.'"  Electrolux, 416 F.3d at 853 (quoting United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

"[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  Electrolux, 416 F.3d at 853 (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).  Courts do not sit "to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."  Misco, 484 U.S. at 38.  Allowing courts to review the merits of arbitration awards would undermine the system of arbitration as a whole.  See Enterprise Wheel, 363 U.S. at 599 (allowing plenary review of an arbitration award on its merits would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final).

## Facts

1.  Plaintiff Company and defendant Union are parties to a Collective Bargaining Agreement (Contract), effective October 18, 2010, through October 17, 2015.  The Contract governs terms and conditions of employment for bargaining unit members.

2. Article 3, Section 3.01, of the Contract allows the Company "to administer discipline (to employees), including suspension or discharge for violation of such rules or for other proper and just cause."

3. Article 6 of the Contract sets out the grievance and arbitration procedure. Section 6.05.B provides that the arbitrator's decision "shall be final and binding on the Company, the Union, and the employee(s)." Section 6.05B further provides: "The arbitrator shall only have jurisdiction and authority to interpret, apply, or determine compliance and/or application of the express provisions of this Agreement at issue between the Union and the Company. It is understood that the arbitrator shall not have jurisdiction or authority to add to, disregard, or alter in any way the terms of this Agreement. . . ."

4. On June 20, 2011, the Company issued a one-day suspension to bargaining unit member Bonita Symons ("Symons" or "Grievant") for alleged insubordination in failing to move an eye wash station as she had been instructed. The one-day suspension was not the incident that resulted in Greivant's termination of employment.

5. At the same time, on June 20, 2011, the Company terminated Grievant's employment for failure to repair a crane properly. The Company terminated Grievant based on her conduct on June 10, 2011, considered by management of the Company to be insubordination, careless and poor workmanship, falsification, and repeated violation of safety rules.

6. On June 22, 2011, Symons filed a grievance challenging the termination. On July 14, 2011, the Company issued a response to the Union denying the Grievance Report.

7. In accordance with the provisions of the Contract, the parties selected Arbitrator Ronald Hoh to hear the grievance.[2] A hearing was held before Arbitrator Hoh in Springfield, Missouri, on November 21, 2011. Both parties had a full opportunity to present evidence and to cross-examine witnesses, and both parties submitted post-hearing briefs.

8. On January 27, 2012, Arbitrator Hoh issued his Opinion and Award overturning the one-day suspension and converting the discharge to a 30-day suspension.

9. Arbitrator Hoh found that the parties had agreed to the following formulation of the issues:

---

[2] Arbitrator Hoh has been an arbitrator since 1980 and has multiple professional affiliations, including the National Academy of Arbitrators. Dir. of Arbs., Labor Arb. Cumulative Digest & Index Covering Vols. 111-120 at 1719 (BNA 2010).

4

(a) Did the Company have good and sufficient cause or just cause to discharge the grievant on June 21, 2011?

(b) If not, what shall the remedy be?

10. Arbitrator Hoh found the Company was not entitled to rely on its Standards of Conduct because it had never cited those Standards prior to the arbitration hearing, and due process required that the Grievant receive notice of the charges against her.

11. Arbitrator Hoh found the Company had not employed progressive discipline with respect to the one-day suspension because the suspension was issued at the same time as the termination notice, giving the Grievant no opportunity to rehabilitate herself.

12. Arbitrator Hoh further found that the Company had not met its burden of proving the events involving the eye wash station had occurred as in the manner the Company alleged. The Arbitrator, therefore, held that the Company did not have just cause for issuing the one-day suspension.

13. Arbitrator Hoh found the Company had met its burden of proving that the events involving the crane occurred in the manner alleged by the Company. However, he found that Grievant's actions constituted neither insubordination nor gross negligence, but only ordinary negligence.

14. Arbitrator Hoh, therefore, held that the Company did not have just cause to terminate Grievant. However, because Grievant's negligence caused a serious safety hazard, the Arbitrator found that a suspension of significant length was appropriate. He, therefore, converted the termination to a 30-day suspension.

15. Arbitrator Hoh ordered the Company to reinstate Grievant immediately with back pay, benefits, and seniority, minus pay for the 30-day suspension.

16. The Company has neither reinstated Grievant, nor paid her any back pay; instead, it filed this action in district court.

## Legal Analysis

Because the Company has not alleged any public policy violation, fraud, dishonesty, or manifest disregard for the law in Arbitrator Hoh's award, the analysis here is limited to whether the Award draws its essence from the Contract. The Company asserts Arbitrator Hoh is

"instill[ing] his own personal standards of industrial justice." The Court disagrees and finds that Arbitrator Hoh's Award does draw its essence from the Contract.

Article 6, Section 6.05, of the Contract outlines the arbitration procedure that the parties agreed to utilize and in (B) states: "The decision of the arbitrator on the merits of any grievance adjudicated within their jurisdiction and authority shall be in writing and shall be binding on the Company, the Union, and the employee(s)." Here, as in Misco, the parties agreed to submit questions of contract interpretation to binding arbitration. Therefore, the Court's function is "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances, the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." Misco, 484 U.S. at 36-37.

Although the Company is understandably disappointed with Arbitrator Hoh's Award, the parties agreed to submit the matter to arbitration and they are bound by the terms of their agreement. The Eighth Circuit has stated "this standard is justified because it is exactly what the parties mutually agreed upon by electing arbitration over judicial resolution of their conflicts," no matter how harsh the standard may seem to parties who lose in arbitration. Electrolux, 416 F.3d at 853; see also Enterprise Wheel, 363 U.S. at 599.

At the arbitration hearing, Arbitrator Hoh determined that the parties had agreed on the issues to be decided. First, "Did the Company have good and sufficient or just cause to discharge the grievant on June 21, 2011? If not, what should the remedy be?" (Doc. 1, Complaint, Ex. 1, Arbitrator's Award at 2.) Both the Company and the Union agreed that the matter was properly before the Arbitrator pursuant to the terms of the Contract. The parties further agreed that the Arbitrator was selected in accordance with the terms of the Contract. Id. at 1.

Article 21, Section 21.01, of the Contract sets forth that "[n]o employee shall be discharged, demoted, or otherwise disciplined without good and sufficient cause." Arbitrator Hoh first explained that there is no practical distinction between "just cause" and "good and sufficient cause standards," and he explained the three elements of "just cause":

> First, the offenses charged against the grievant must be those for which disciplinary action may be assessed under the parties' practice or the contract. Second, the record,

> taken as a whole, must support a finding that the employee is guilty of the conduct of which he/she stands accused. If the evidence in the record supports a finding that the employee has committed an offense for which discipline may be assessed, a determination must then be made concerning whether any mitigating or extenuating circumstances exist which warrant a finding that some penalty level short of the action taken is more appropriate.

Id. at 10-11.

The Company alleged that Grievant was terminated "for violation of Company Standards of Conduct prohibiting insubordination, careless or poor workmanship, continued unsatisfactory performance of duties, violation of safety rules, and providing false information." Id. at 8. However, the Arbitrator found that "the company failed to cite, at any time prior to the hearing before the Arbitrator, the 'Standards of Conduct' cited by the company as the basis for its termination action." Id. at 11. The Arbitrator disallowed the Standards of Conduct on the ground that allowing the Company to argue before him that the termination was based on reasons not cited in the June 20, 2011 termination letter would violate Grievant's due process rights. Id. at 11.

Arbitrator Hoh first tried to determine whether the Company had "good and sufficient cause or just cause" for the one-day suspension, explaining that arbitrators "assume, absent evidence to the contrary, that the parties are committed to utilizing discipline progressively as a tool to bring about change in the behavior of employees." Id. at 12. He found that because Grievant received the one-day suspension at the same time she received her letter of termination, she was not afforded an opportunity to rehabilitate herself. (Id. at 12. Arbitrator Hoh also concluded that "the Company has not met its burden of showing that this incident occurred as it has alleged." Id. at 12. Consequently, Arbitrator Hoh concluded that the Company lacked good and sufficient cause or just cause for the one-day suspension. Id. at 13.

After hearing the testimony of witnesses at the hearing, the Arbitrator did make credibility findings in favor of the Company's witnesses over the testimony of Grievant, thereby finding that Grievant had violated the Company's work rules. The Arbitrator next looked to the first element in the good-and-sufficient/just cause analysis, that is, whether the offenses charged against the Grievant are those for which disciplinary action may be assessed under the parties' practice or the Contract. Id. at 15. Although the Company in its pleadings argues that Grievant's actions on June 10, 2011, constituted insubordination, Arbitrator Hoh determined that the

7

Company had not shown that Greivant's conduct was "willful and deliberate, or that she was told or otherwise knew of the consequences of her disobedience to any work order." Id. at 15. As a result, the Arbitrator found that Grievant's actions constituted, at most, simple negligence. In order for the Grievant to be subject to an immediate termination, a finding of gross negligence was necessary.

While this Court does not necessarily agree with this finding of Arbitrator Hoh based upon its review of the facts surrounding the incident on June 10, 2011, this Court believes it is bound by this finding. The Arbitrator heard the testimony of the witnesses, including Grievant, and was in a unique and superior position to weigh the credibility of the witnesses. The Court believes it would be inappropriate for it to second-guess the factual findings of the Arbitrator who actually heard the testimony. This Court cannot "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Homestake Mining Co. v. United Steelworkers of America, AFL-CIO, Local 7044, 153 F.3d 678, 680 (8th Cir. 1998) (quoting Misco, 484 U.S. at 36). Even if the Court were convinced that the Arbitrator had committed a serious error, the Court must enforce the Arbitrator's decision so long as he "is even arguably construing or applying the contract and acting within the scope of his authority." Misco, 484 U.S. at 38.

The final analysis of the Arbitrator was based on the last element in the good-and-sufficient/just cause analysis, that is, "whether any mitigating or extenuating circumstances exist which warrant a finding that some penalty level short of the action taken is more appropriate." Id. at 16. Although he determined that the events leading to Grievant's termination occurred as alleged by the Company, he also found that these events were not appropriately characterized. He concluded simple negligence did not rise to level of insubordination, which is an immediately terminable offense. Id. at 16. Arbitrator Hoh further found that because Grievant's negligence created a dangerous situation for other employees, the Company had good and sufficient cause to put her on an unpaid suspension for 30 work days. Id. at 17.

Here, the Arbitrator heard the evidence, made credibility findings, analyzed the evidence, and applied his findings to the terms of the Contract. "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to

8

formulating remedies." Enterprise Wheel, 363 U.S. at 597. As the Supreme Court elaborated in Misco:

> where it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect. If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined.

484 U.S. at 38.

The Court finds that the Arbitrator's Award does draw its essence from the Contract between the Union and the Company. The Court further finds that the Arbitrator did not disregard the Company's disciplinary policies. Rather, the Court finds the Arbitrator here simply followed established due process principles followed by arbitrators, and restricted the evidence introduced by the employer to that provided to the Grievant at the time of her termination. In addition, while the Court may disagree with some of the Arbitrator's findings of fact and conclusions, the Court does believe the Arbitrator here did adequately summarize and explain the evidence he was presented and the facts he determined. It is not within this Court's authority to second-guess those findings. See Misco, 484 U.S. at 38 (courts do not sit to hear claims of factual or legal error in an arbitration award). Finally, the Court is not persuaded here that Arbitrator Hoh instilled his own standards of industrial justice. The Arbitrator reasonably explained his findings and the Court concludes that his Award draws its essence from the Contract. "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." Enterprise Wheel, 363 U.S. at 599.

Because there are no genuine issues of material fact, the Court finds that the Union is entitled to judgment as a matter of law. The Court further finds that Grievant is entitled to back pay and prejudgment interest minus the back pay for the 30-day suspension, and the Court orders the Company to calculate the same and make the Grievant whole.[3]

---

[3] "As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of money which was legally due." Stroh Container Co. v. Delphi Industries, Inc., 783 F.2d 743, 750 (8th Cir. 1986).

9

### Request for Attorney' Fees and Costs

The Union also requests that the Court assess attorney' fees and costs against the Company. Courts may choose to assess attorney' fees against a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." International Union, United Auto., Aerospace and Agricultural Implement Workers v. United Farm Tools, Inc., Speedy Mfg. Div., 762 F.2d 76, 77 (8th Cir. 1985) (quoting Jaquette v. Black Hawk Cty., Iowa, 710 F.2d 455, 462 (8th Cir. 1983)). The Union asserts that the Company refused to comply with the Arbitrator's Award for the sole reason that it did not like the result and not for any legitimate reason. "An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees." United Farm Tools, 762 F.2d at 77 (citing Int'l Union of Petroleum and Indus. Workers v. W. Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983)). The Union asserts the Company's arguments for vacating the Arbitration Award are completely meritless and constitute bad faith.

The Company notes the Union relies on United Farm Tools. The Company distinguishes this citation by pointing out that in United Farm Tools, the employer did not act to have the award set aside or vacated, but, rather, simply refused to comply with the award. Id. at 77. This distinction was recognized and pointed out by the court in International Association of Machinists and Aerospace Workers, AFL-CIO v. Trans World Airlines, Inc., 1 F.Supp.2d 983 (E.D. Mo.), aff'd, 168 F.3d 493 (8th Cir. 1998), where the court stated, in distinguishing United Farm Tools (1 F.Supp.2d at 985):

> In that case, the Eighth Circuit noted that United Farm had not sought to have the arbitration award vacated, and so unpersuasively argued that the "validity of the award was honestly disputed." Id. Here TWA filed a counterclaim seeking to have the award vacated. In the Court's view, although not ultimately meritorious, TWA's arguments for the vacation of the System Board award were not legally frivolous or made in bad faith. IFFA's motion for attorney's fees will be denied.

Here, the Company filed this lawsuit requesting that the Arbitration Award be vacated. The Court agrees with the Company that United Farm Tools does not support the Union's requests for attorney fees and costs. The Court further finds that the additional legal authority cited by the Union in its reply brief also does not support its requests for attorney fees and costs.

The Court also finds that the Company's arguments were not frivolous and this lawsuit was not brought in bad faith. The Court believes the Company's arguments were reasonable and

10

based upon established legal precedent. In particular, the Court finds the Company's argument that Arbitrator Hoh disregarded the Company's Standards of Conduct in reaching his decision was a sound legal argument. However, the Arbitrator explained why he did not apply those Standards in reaching his decision based upon a due process analysis. Consequently, the Court does not believe it can legally reach the result the Company desires, that is, the striking of the Arbitrator's Award and the request to grant summary judgment in its favor.

The actions of Grievant on June 10, 2011, when she failed to repair the crane properly were egregious and could have placed her co-workers in serious risk of physical harm. Nevertheless, even though the Court may have disagreement with the findings of Arbitrator Hoh, the Court concludes that it does not have the legal authority to revisit the findings of fact and conclusions of the Arbitrator under the circumstances of this case. In Major League Baseball Players Association v. Garvey, 532 U.S. 504 (2001), the Supreme Court held that the court may not refuse to enforce an arbitrator's award simply because it disagrees with his findings of fact. "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." Id. at 509 (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987)). Thus, the Supreme Court in Garvey held that the Court of Appeals had erred in vacating an arbitration award based on the court's disagreement with the arbitrator's factual findings and weighing of the evidence. Id. at 510.

## Conclusion

IT IS THEREFORE, ORDERED that the motion of defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, Service Workers International Union, Local No. 11-770, for summary judgment (doc. 15) is GRANTED, in part, and DENIED, in part. The Court will not vacate Arbitrator Hoh's Award. Grievant Bonita Symons is ordered reinstated and the plaintiff Company is ordered to pay her back pay for the time she was terminated, including prejudgment interest, minus pay for the 30-day suspension. The Court DENIES the defendant Union's request for attorney fees and costs incurred in the litigation of this lawsuit.

IT IS FURTHER ORDERED that the motion of plaintiff PSC Custom, LP, for summary judgment (doc. 17) is DENIED.

Dated this 29th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge